JUDGE PETEBS
delivered the opinion op the court.
This proceeding was instituted in the court below by the appellee, judge of the Louisville Chancery Court, for a mandamus against D. Howard Smith, auditor of the commonwealth, to compel him to issue his warrant on the treasurer of the state for $29.22, part of his salary as judge as aforesaid for the month of April, 1871.
As a defense, appellant alleges in his answer that on the 11th, 12th, and 13th days of April, 1871, appellee failed to hold the Louisville Chancery Court, and in consequence of his failure to do so James Harlan, Esq., was elected judge of said court pro tern., which facts were certified to him by the clerk of said court; whereupon he drew his warrant on the treasurer in favor of said Harlan for the sum of money above named, and the same was paid to him by the treasurer, and in consequence thereof he did refuse to draw his warrant in favor of appellee for said sum, under and by virtue of the provisions of an act of the legislature approved February 11, 1871, entitled “An act regulating the salaries of circuit judges,” etc. (1 Session Acts 1871, page 19), which reads as follows: “Section 1. That hereafter judges of circuit courts, criminal courts, courts of common pleas, and the chancellor of the *9 Louisville Chancery Court shall each receive an annual salary of three thousand dollars ($3,000), to be paid out' of the state treasury, except that the salary of the judge of the Court of Common Pleas for Warren County shall not be .increased by this act beyond the amount fixed by law; provided that the allowance to judges and chancellors pro tem. shall be paid out of the increased salary of the judge or chancellor of the district in which the allowance to the pro tem. judge or chancellor is made; and in the event that the allowance made to said pro tem. judge or chancellor should exceed the amount of the increased salary aforesaid, then said excess shall be paid as now provided by law.”
To his answer a demurrer was sustained; and appellant, failing to answer over, judgment was rendered against him for the relief sought, and he has appealed to this court.
Section 40 of article 4 of the constitution provides that the Louisville Chancery Court shall exist under the constitution, subject to repeal, and its jurisdiction to enlargement and modification by the General Assembly.
By section 3 of an act approved January 17, 1854 (2 R. S. 534), it is provided that a chancellor pro tem. shall be elected in the manner prescribed in 1 R. S., sec. 1, art. 13, chap. 27, p. 321, which is as follows: “ That when from any cause the judge of a circuit court fails to attend or, if in attendance, can not properly preside in a cause or causes pending in such court, the attorneys of the court then present shall elect one of its members in attendance to hold the court for the occasion, who shall preside and adjudicate.” And section 3 provides that the pro tem. judge so elected shall be paid for his services a sum bearing the same proportion to the salary of the circuit judge as the time he may serve shall bear to the whole number of judicial days in said circuit.
By statute therefore a chancellor pro tem. may be elected for the same causes that authorize the election of a circuit *10 judge pro tem.) he is to be elected in the same way; and his pay is to be in the same proportion to that of the chancellor as that of a pro tem. circuit judge bears to the circuit judge.
In the case of Adams v. The Auditor (13 B. Mon. 150), which involved the validity of the act of March, 1851, so far as it authorized a deduction from the salary of a circuit judge because of his failure to attend and hold his courts, it was held that said act was in conflict with the 25th section of article 4 of the constitution, and that the legislature had no power to require' a deduction from the salary of a circuit judge during the period for which he was elected, except for neglect of official duty, as provided for in sec. 13, art. 8 of the constitution. And in the later case of Garrard v. Nuttall (2 Met. 106) this court said it may now be regarded as settled that except for such cause no deductions can be made from the salaries of such officers.
The 13th section of article 8 of the constitution does uot limit the prohibition to the salaries of circuit judges, but places the salaries of all public officers on the same footing in that respect, and applies as well to the chancellor of the Louisville Chancery Court as to judges of circuit courts.
Waiving the question then whether the auditor is the legal tribunal to determine when ■ a public officer has been guilty of neglect of official duty, and looking to the answer alone, which fails to allege any facts which would constitute such neglect, or even to charge the fact, in view of the authorities cited the judgment of the court below should be sustained.
But it is insisted that the act of 1871 {supra) provides that the allowance to judges and chancellors pro tem. shall be paid out of the salaries of the judges and chancellors in whose districts such allowances are made; and that as appellant had drawn his salary as increased by said act, he thereby accepted the condition therein contained, and has no right to object. The language of the proviso is very comprehensive, and broad *11 enough doubtless to embrace all allowances made to pro tem.' appointees. But, as has been shown, the legislature had no power to require a deduction from salaries except for neglect of official duty; the proviso or condition which requires a deduction beyond, or for any other cause, is to such extent void; and a void act can not be ratified or made obligatory.
Wherefore the judgment sustaining the demurrer to the answer is affirmed.