### AUDITOR v. BAKER BOYD.

**Officers—Neglect of Duty by Officers—Reduction of Salary on Account of Neglect of Duty.**

> Under the state constitution which provides that it shall be the duty of the general assembly to regulate by law in what cases and what deductions from the salaries of public officials shall be made for neglect of duty in their official capacity, no legislation can be had by which the salary of a public officer can be lessened except for neglect of duty; and an act which provides for such deduction of salary, but which does not provide a way of ascertaining that he is neglecting his duty, is void.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

### June 27, 1877.

OPINION BY JUDGE PRYOR:

The legislature must provide by law some legal mode for ascertaining the guilt of a party charged with neglect of official duty. This court has several times adjudged that the mere absence of the judge from his court is not a disregard of his official duties, and such must be the rule in regard to a commonwealth's attorney. If the absence of the officer is unavoidable, the result of ill health or other causes that necessarily prevent him from discharging his duties, no deduction can be made from his salary. The constitution provides that it shall be the duty of the general assembly to regulate by law in what cases and what deductions from the salaries of public officials shall be made for neglect of duty in their official capacity. No legislation can be had under this provision of the constitution by which the salary of a public officer can be lessened, except for a neglect of duty, and Sec. 3, Art. 4, Chap. 5, Gen. Stat., is unconstitutional. That section provides that in the absence of the commonwealth's attorney the judge shall appoint some suitable attorney to act, and the allowance made for his services shall be deducted from

the salary of the attorney for the commonwealth. That the legislature can pass laws reducing the salaries of officers by applying portions of the salary to the payment of those who are called upon to discharge the duties that such officers neglect to discharge, is clear. To authorize this deduction there must be a neglect of duty, and such is the express letter of the constitution. What constitutes neglect the legislature may prescribe.

Another valid objection may be made to the law in question. There is no mode devised by which the neglect on the part of the officer is determined. The auditor has no judicial power. While the salary of a public official should be withheld where he neglects his official duties, an opportunity must be afforded him to show that the charges are untrue. Neither executive, judicial or ministerial officers have the right to presume without proof that the trust confided to a public official is not being faithfully discharged. See Auditor v. *Adams,* 13 B. Mon. 150; *Garrard v. Nuttall,* 2 Met. 106; *Auditor v. Cochran,* 9 Bush 7.

Judgment *affirmed.*

*T. E. Moss, for appellant.    W. L. D. Bush, for appellee.*